UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| THOMAS P. CARNEY, INC., | : :  |
| Plaintiff, | : Civ. No. 03-5602 : |
| v. | : **MEMORANDUM OPINION** : |
| SOMERSET RARITAN VALLEY SEWERAGE AUTHORITY, | : : : |
| Defendant. | : : |

This matter comes before the Court upon plaintiff Thomas P. Carney, Inc.'s ("Plaintiff") motion for an award of prejudgment interest and defendant Somerset Raritan Valley Sewerage Authority's ("Defendant") cross-motion to reduce the verdict returned by the jury in favor of Plaintiff on September 22, 2005. The Court decided the motions based on the parties' written submissions without oral argument, pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below, both motions are denied.

**I. BACKGROUND**

On September 22, 2005, the jury returned a verdict in favor of both Plaintiff and Defendant for breach of contract. The jury awarded Plaintiff $764,000 in damages for the unpaid contract balance; $30,500 in damages for a raw sewage flood; $60,000 in damages for extra work expenses; $125,000 in damages for additional labor costs; $12,000 in damages for wage increases; and $100,000 in damages for lost profits. The jury awarded Defendant $45,000 in damages for delay of completion of the project; and $32,000 in damages for extended engineering fees.

Plaintiff asserts that it is entitled to an award of $143,958.75 in prejudgment interest.

Defendant opposed Plaintiff's motion and cross-moved for a reduction of the verdict against Defendant, alleging that the damages awarded for extra work expenses, additional labor costs, and lost profits resulting from the breach of contract were not supported by evidence presented at trial.

**II. DISCUSSION**

    A. Plaintiff's Motion for Prejudgment Interest

Plaintiff seeks prejudgment interest on the jury award entered against Defendant. In support of that argument, Plaintiff points the Court to the New Jersey Supreme Court's holding that "[i]nterest does not run on liquidated claims as a matter of course, but in accordance with principles of equity." Bak-A-Lum Corp. of Am. v. Alcoa Bldg. Prods., Inc., 69 N.J. 123, 131 (N.J. 1976)(citation omitted). Plaintiff also notes that pursuant to New Jersey statute, courts have the discretionary authority to "award prejudgment interest on the whole or part of a judgment arising out of or relating to claims for the construction or installation of improvements to real property in accordance with principles of equity." N.J. Stat. Ann. § 59:13-8.

Plaintiff argues that the balance of equities weighs strongly in its favor primarily for two reasons: 1) "the jury determination that it completed the disinfection building within the time period set forth in the contract or any extension to which it was entitled," and 2) the jury's reduction of engineering fees and liquidated damages sought by Plaintiff by over 90%. (Pl.'s Br. at 3). However, Plaintiff has failed to sufficiently demonstrate a basis for the Court to reach the equitable conclusion that Plaintiff is entitled to prejudgment interest and therefore will deny Plaintiff's motion to alter the judgment.

B. <u>Defendant's Cross-Motion for Reduction of the Verdict</u>

Defendant alleges that the jury verdict awarding Plaintiff damages for breach of contract for extra work expenses, additional labor costs, and lost profits should be deducted from the verdict because those awards were unsupported by evidence at trial. Defendant specifically alleges that testimony for Plaintiffs at trial could not tie the damages to any breach of contract. (<u>See</u> Def.'s Br. at 2-7.)

A jury's damage award should not be disturbed where it was not the product of guesswork, but instead was a reasonable estimate of damages based upon the evidence presented at trial. <u>Nanavati v. Burdette Tomlin Mem'l Hosp.</u>, 645 F. Supp. 1217, 1227 (D.N.J. 1986)(citing <u>First Nat'l Bank of Chicago v. Jefferson Mortgage Co.</u>, 576 F.2d 479, 494-95 (3d Cir. 1978)). When reviewing the propriety of a jury verdict, this Court must "uphold the jury's award if there exists a reasonable basis to do so." <u>Motter v. Everest & Jennings, Inc.</u>, 883 F.2d 1223, 1230 (3d Cir. 1989)(citation omitted). For the Court to disturb a jury verdict, "the damages assessed by the jury must be so unreasonable as to offend the conscience of the Court." <u>Id.</u> (quoting <u>Murray v. Fairbanks Morse</u>, 610 F.2d 149, 152 (3d Cir. 1979)).

Here, as at trial, Plaintiff and Defendant differ about the causes of the damages and therefore the awards in the verdict. Defendant, however, has not demonstrated that the damages awarded to Plaintiff with respect to the claims at issue are so unreasonable as to offend the conscience of the Court and therefore the Court denies Defendant's motion to alter the judgment.

## III.  CONCLUSION

For the reasons stated herein, Plaintiff's motion for prejudgment interest and Defendant's motion for a reduction of the verdict are both denied.  An appropriate form of order accompanies this Memorandum Opinion.


Dated: December 23, 2005

                                            s/ Garrett E. Brown, Jr.
                                            GARRETT E. BROWN, JR., U.S.D.J.